REDMANN, Judge.
The trial judge had ample support for the basic factual conclusion that the shopping cart was in an unreasonably dangerous condition. The testimony of disinterested witness Crovetto was that the cart tilted as the 30-pound, three-year-old plaintiff child, standing in its merchandise section, moved toward its side; that the cart returned upright as the child stepped back to the center of the cart, and turned over when the child again stepped to its side. Defendant’s employee Duckworth testified, “If the basket [the cart] was hit by a car and bent then a small amount of pressure might make it turn over.”
The legal basis supporting the trial judge’s conclusion of liability is the duty on the part of any self-service store that elects to supply carts with seats for small children to supply carts that are reasonably safe for the children in the expected use of the carts. The expected use for children makes foreseeable that, in the absence of seatbelts or other restraint, a child whose guardian is distracted momentarily by shopping pursuits might move from the seat into the merchandise section of the cart, and therefore a reasonably safe cart must not turn over from the simple presence or nonviolent movement of a small child in its merchandise section. A cart that may have been reasonably safe when manufactured may become unreasonably dangerous after being so damaged, as by an automobile, that it turns over from “a small amount of pressure,” so small that it is exerted by a small child standing or moving nonviolently in the merchandise section of the cart. The self-service store’s duty to supply carts that are reasonably safe must therefore oblige the store both to procure carts that are properly designed and manufactured and to maintain the carts in reasonably safe condition thereafter (or not offer unstable carts to customers for use).
Crovetto’s testimony reasonably supports the trial judge’s apparent inference that the cart in question was not reasonably safe, because it did turn over without the child’s moving violently or even leaning over the side. For purposes of deciding this child’s case against the store alone it is not necessary to decide whether the unsafeness arose from faulty manufacture or faulty maintenance. We thus reason that Woolworth breached its duty to provide reasonably safe carts and that that breach caused plaintiffs’ damage.
But it is the store’s burden to prove faulty manufacture, rather than faulty maintenance, in order to recover on its third-party demand against the manufacturer. Evidently the trial judge’s conclusion was that the unsafeness of this cart was not shown to be a manufacturing defect because he did not give judgment over against the manufacturer. From the testimony of Duckworth that “a small amount of pressure” might overturn a damaged cart (more easily than an undamaged one), and under the circumstance that defendant Woolworth had the cart involved in its possession but did not preserve it apart from the other carts, and notwithstanding Duck-worth’s testimony that he inspected the cart immediately after the accident and found it in good condition, we cannot say the trial judge erred in concluding that Woolworth did not prove that the plaintiff child’s injury was caused by a manufacturing defect. It is at least equally permissible to infer that the cart fell over because of damage, such as bending by an automobile, that a proper inspection would have revealed.
Woolworth’s third-party demand against the child’s mother’s insurer was also properly rejected. It is not negligence, insofar as a self-service store may assert, for a shopper to succumb to the distraction of the store’s intentionally enticing displays of alluring merchandise. The store may not, while seeking for itself the benefit of impulse-buying generated by its displays, argue that the shopper has a duty not to be distracted by those displays. That argument is repeatedly rejected by the slip-and- *1122 fall cases such as Gonzales v. Winn-Dixie La. Inc., 326 So.2d 486 (La.1976).
Affirmed.
BAILES, J. Pro Tem., dissenting.
SAMUEL, J., dissenting for reasons assigned by BAILES, J. Pro Tem.