661 So.2d 652 (1995)
Billy Knight FREEMAN, et al., Plaintiffs-Appellants,
v.
Dr. Joseph E. HUMBLE, et al., Defendants-Appellees.
No. 27,419-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*653 Jesse D. McDonald, Monroe, for Appellants.
Madeleine M. Slaughter, Monroe, for Appellees.
Before MARVIN and WILLIAMS, JJ., PRICE, J. Pro Tem.
WILLIAMS, Judge.
This appeal arises from a medical malpractice claim filed by Billy and Vera Freeman against Drs. Joseph Humble and Raymond Haik. After trial, a jury returned a unanimous verdict in favor of the defendants, rejecting the plaintiffs' demands. On appeal, the plaintiffs challenge the trial court's ruling on a Batson objection made during jury selection. We affirm.

FACTS
Jury selection in this case lasted approximately one day. The jury venire consisted of thirty-one people; two panels of twelve (24) prospective jurors and one panel of seven prospective jurors. Among the thirty-one prospective jurors questioned, only four were African-American (the first panel consisted of one African-American, Ella J. Roberson; the second panel contained two African-Americans, Charlotte H. Queens and Herman C. Hendricks; and there was one African-American, Laverne Hawkins, in the third panel of seven prospective jurors). On the record, the court noted the unusual paucity of AfricanAmerican jurors in the jury venire.
During voir dire, both parties exercised all six of their peremptory challenges. The defendants exercised three peremptory challenges to strike white jurors and three to strike African-American jurors. Despite the fact that the defendants had accepted Mr. Hendricks, the plaintiffs made a Batson objection after the defendants had peremptorily challenged both Ms. Roberson and Ms. Queens. The trial court ruled that the plaintiffs failed to establish a prima facie case of racial discrimination and gave the appellees an opportunity to proffer race-neutral reasons for exercising their peremptory strikes.
When the parties were seating the twelfth juror, the defendants had one peremptory challenge remaining and the plaintiffs had none. The twelfth juror and the alternate juror were selected from the third panel. Ms. Hawkins was the first prospective juror on the third panel. The defendants used their last peremptory challenge to strike her from the jury. As a result, the prospective juror who immediately followed Ms. Hawkins was chosen as the twelfth juror. The plaintiffs then made their second Batson objection, after which the court found that they had established a prima facie case of racial discrimination. The trial court ordered the defendants to give race-neutral reasons for striking Ms. Hawkins. After the defendants proffered their reasons for their peremptory strike, the trial court overruled the plaintiffs' objection.
The case proceeded to trial before a twelve-member jury consisting of eleven white jurors and one African-American juror. The jury unanimously rejected the plaintiffs' claim. The plaintiffs appeal.

DISCUSSION
In this appeal, the plaintiffs do not assert that the jury erred in reaching its verdict. Instead, they confine their assignments of error to issues involving the trial court's ruling on their Batson objection. The thrust of their argument is that the trial court erred in overruling their Batson objection because the defendants allegedly failed to give valid race-neutral reasons for peremptorily striking *654 prospective African-Americans jurors. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
In a civil trial, the proper procedure to obtain appellate review of a trial court's ruling on a Batson objection is for the aggrieved party to take an immediate writ to the appellate court so that a hearing may be ordered before the trial proceeds. Phillips v. Winn Dixie Stores, Inc., 94-0354 (La.App. 4th Cir. 02/23/95), 650 So.2d 1259, 1263, writ denied, 95-0748 (La. 04/28/95), 653 So.2d 599; Holmes v. Great Atlantic and Pacific Tea Co., 622 So.2d 748, 760 (La.App. 4th Cir.), writ denied, 629 So.2d 1178 (La.1993). Proceeding to trial when there is an error which does not have an effect on the fact finding process but can nullify the entire proceeding, is a tremendous waste of judicial time and resources. Holmes v. Great Atlantic and Pacific Tea Co., supra. See also White v. Touro Infirmary, 93-1617 (La.App. 4th Cir. 02/11/94), 633 So.2d 755. Thus, when a party in a civil case wishes to seek appellate court review of a Batson ruling, it must do so by an application for supervisory writs and may not do so by an appeal after the trial.
In the instant case, the plaintiffs did not seek supervisory writs and now have no right to appellate review of this issue. Moreover, even if the plaintiffs had properly sought supervisory writs, the record convinces us that they would not have been entitled to relief. We have reviewed the record, and we conclude that the trial court's determination that the defendants enunciated race-neutral reasons for striking the challenged jurors was not an abuse of its discretion. The defendants' reasons, along with the tenor of the entire voir dire, show that the peremptory exclusions of the African-American prospective jurors do not amount to a violation of Batson v. Kentucky, supra. Consequently, we find no manifest error in the trial court's ruling on the plaintiffs' Batson objection.

CONCLUSION
For the reasons discussed, we affirm the trial court's judgment. Costs of this appeal are assessed to the plaintiffs, Billy Freeman and Vera Freeman.
AFFIRMED.