# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 04-1555

**HAROLD ALEX, JR., ET AL.**

**VERSUS**

**RAYNE CONCRETE SERVICE, ET AL.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 70712
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

**GLENN B. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, Elizabeth A. Pickett, Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

**REVERSED.**

**Harold D. Register, Jr.**
**P. O. Box 80214**
**Lafayette, LA 70598-0214**
**(337) 981-6644**
**Counsel for Plaintiff/Appellant**
  **Harold Alex, Jr.**
  **Brithney Alex**

**Charles Martin Kreamer, Sr.**
**Allen & Gooch**
**1015 St. John Street**
**Lafayette, LA 70502-3768**
**(337) 291-1390**
**Counsel for Defendant/Appellee**
> **Employers Mutual Casualty Company**
> **Rayne Concrete Service**

**Patricia J. Delpit**
**Louisiana Workers' Compensation**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0899**
**Counsel for Intervenor/Appellee**
> **Louisiana Workers' Compensation Corp.**

GREMILLION, Judge.

We have accepted this matter for hearing en banc for the purpose of determining whether a *Batson/Edmonson* challenge in a civil trial must be taken up by supervisory writ or whether it may be considered on appeal following the conclusion of the trial.

In *Adams v. Canal Indemnity Co.,* 99-1190, p. 4 (La.App. 3 Cir. 5/10/00), 760 So.2d 1197, 1200, *writs denied*, 00-1636, 00-1637, 00-1640 (La. 9/22/00), 769 So.2d 1213, this court observed, "Courts of this state have *consistently* held that a party to a civil suit who seeks review of a *Batson/Edmonson* issue must do so by an application for supervisory writs." (Emphasis added). We now conclude that this observation is erroneous and this court's reliance on *Freeman v. Humble*, 27,419 (La.App. 2 Cir. 9/27/95), 661 So.2d 652, and *Phillips v. Winn Dixie Stores, Inc.*, 94-354 (La.App. 4 Cir. 2/23/95), 650 So.2d 1259, *writ denied*, 95-0748 (La. 4/28/98), 653 So.2d 599, was misplaced.

*Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S.Ct. 2077 (1991), involved a black citizen of Louisiana, who challenged his employer's use of peremptory challenges to exclude black jurors from the prospective jury. After the federal district court held that *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986), did not apply in civil proceedings, the matter proceeded to trial with the plaintiff ultimately being found 80% contributorily at fault in causing his injury. On appeal, the Fifth Circuit, Court of Appeal, sitting en banc, affirmed the holding of the district court with regard to the application of *Batson* challenges in civil proceedings. Finding the Courts of Appeals divided on this issue, the United States Supreme Court

1

granted certiorari. After reviewing the matter, the Supreme Court reversed the decision of the Fifth Circuit, finding that private litigants could not use their peremptory challenges to exclude jurors solely based on their race. *Edmonson*, 500 U.S. 614, 111 S.Ct. 2077.

As it is recognized that *Batson* applies in civil proceedings via *Edmonson*, our query involves which procedural device a party should utilize in order to bring his/her *Batson* challenge to our attention. There continues to be a split in the circuits as to the procedural vehicle to be used to review this issue. The first circuit has consistently reviewed *Batson* challenges on appeal. *See Grayson v. R.B. Ammon and Assocs., Inc.,* 99-2597 (La.App. 1 Cir. 11/3/00), 778 So.2d 1, *writs denied*, 00-3270, 00-3311 (La. 1/26/01), 782 So.2d 1026, 1027; *Lee v. Magnolia Garden Apartments*, 96-1328 (La.App. 1 Cir. 5/9/97), 694 So.2d 1142, *writ denied*, 97-1544 (La. 9/26/97), 701 So.2d 990; *Hurts v. Woodis*, 95-2166 (La.App. 1 Cir. 6/28/96), 676 So.2d 1166; *see also Richard v. St. Paul Fire and Marine Ins. Co.*, 94-2112 (La.App. 1 Cir. 6/32/95), 657 So.2d 1087.

The second circuit in *Freemam* stated that because no writ was taken, the court had "no right to appellate review of [a *Batson*] issue," but nonetheless went on to evaluate the issue on its merit. *Freeman*, 661 So.2d at 654. Despite the verbiage in *Freeman*, the second circuit has evaluated *Batson* challenges on appeal. *See Matthews v. Arkla Lubricants Inc.*, 32,121 (La.App. 2 Cir. 8/18/99), 740 So.2d 787; *see also Smith v. Lincoln Gen. Hosp.*, 27,133 (La.App. 2 Cir. 6/21/95), 658 So.2d 256, *writ denied*, 95-1808 (La. 10/27/95), 662 So.2d 3. The fourth circuit in *Phillips* also stated that a review of a *Batson/Edmonson* issue must be done by application of

supervisory writ; however, it relies on cases where the fourth circuit *has examined* the issue on appeal. In *Cooke v. Allstate Insurance Co.*, 93-1057, p. 7 (La.App. 4 Cir. 4/14/94), 635 So.2d 1330, 1334, *writ denied*, 94-1257 (La. 9/2/94), 659 So.2d 496, the appellate court reviewed the *Batson* issue, accorded much deference to the trial court, and found "no error in the trial court's determination that no pattern of discrimination existed." In view of *Adams'* erroneous observation and flawed reliance on *Phillips* and *Freeman*, we find that *Adams* is unpersuasive and not controlling.

We note that the first circuit in *Hurts*, 676 So.2d 1166, declined to follow the narrow view enunciated by the fourth circuit in *Holmes*, 622 So.2d 748, as followed by the second circuit in *Freeman*, 661 So.2d 652. In so holding, the first circuit held that a *Batson/Edmonson* challenge could be reviewed on appeal after finding no "meaningful distinction" between "the trial court's ruling on jury challenges when based on a *Batson* claim and appellate review of the trial court's ruling when based on a party's challenge to a juror for cause, which are routinely reviewed on appeal." *Hurts*, 676 So.2d at 1172.

Further, in *State v. Myers*, 99-1803, (La. 4/11/00), 761 So.2d 498, the supreme court found that the trial court committed legal error in prematurely concluding that there was no pattern of racial exclusion in the jury selection in this case. On review, the supreme court stated that the issue "raises serious federal constitutional equal protection issues affecting the rights of both the defendant and the excused venirepersons." *Id*. at 503. It is clear that the supreme court considered the issue of racially-motivated peremptory strikes in this criminal matter on appeal.

3

We can find no good reason to distinguish between a civil and criminal trial in determining the method by which an appellate court should review *Batson/Edmonson* challenges when the same equal protection considerations arise.

After considering the matter, we find that the precepts of judicial economy and fundamental fairness would be better served by allowing a party to a civil suit to have his *Batson/Edmonson* challenge heard on appeal, rather than solely on application for supervisory writ. Other than the case law cited above, we base this finding on several other reasons. First, on the grounds of judicial economy, we note the burden and strain that would be placed on an attorney, especially a sole practitioner or a member of a small firm, if required to file a writ application during trial. This is especially true in those instances where the trial court refuses to grant a stay of the jury trial while awaiting a review of its decision. Second, we note the impracticality of requiring this type of challenge to be taken up on a writ application. If the trial court refuses to grant a stay of the proceedings and the jury trial continues, a mistrial would have to be declared if the challenger's writ is granted and the appellate court holds that the trial court's decision is erroneous in dismissing the affected jurors. Moreover, if the trial court were to grant a stay, it would be taxing on the jury venire as, depending on the decision reached, the  excluded venire members, the jury, and the rest of the venire would have to return to court to complete jury selection and then the trial. Thus, in these two instances judicial economy would be impeded.

With regard to fundamental fairness, we note, as did the first circuit in *Hurts*, 676 So.2d 1166, that the review of a trial court's ruling on a party's challenge

4

of a juror for cause is routinely reviewed on appeal. As found by the first circuit, we find no meaningful distinction between this type of ruling and a trial court's ruling on a party's *Batson/Edmonson* challenge. Further, as we pointed out, *Batson* challenges are taken up on appeal in criminal cases all the time. We can find no distinction between *Batson/Edmonson* challenges in the context of criminal and civil matters. Finally, the challenge in *Edmonson* was considered by the United States Supreme Court on appeal.

Considering the foregoing, we reverse our opinion in *Adams v. Canal Indemnity Co.*, 99-1190 (La.App. 3 Cir. 5/10/00), 760 So.2d 1197, *writs denied*, 00-1636, 00-1637, 00-1640 (La. 9/22/00), 769 So.2d 1213. Although we will still consider *Batson/Edmonson* challenges via writ application, we will also address such issues on appeal. The remaining issues in this case will be addressed by the original panel to which it was assigned.

**REVERSED.**