RICHARD C. BENTLEY
v.
BOBBY FANGUY
No. 08-1052
Court of Appeals of Louisiana, Third Circuit.
March 4, 2009.
Not Designated For Publication
GARY McGOFFIN and RYAN M. GOUDELOCKE DURIO, McGOFFIN, STAGG & ACKERMANN Counsel for Defendant/Appellee: BOBBY FANGUY
Ed W. BANKSTON, Attorney at Law Counsel for Plaintiff/Appellant: RICHARD C. BENTLEY
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges.
PICKETT, J.
The plaintiff/defendant in rule, Richard C. Bentley, appeals a judgment of the trial court awarding the defendant/plaintiff in rule, Bobby Fanguy, $4,883.03 in La.Code Civ.P. art. 863 sanctions plus court costs. We affirm the judgment of the trial court.

FACTS
The plaintiff, Richard Bentley, filed suit against his next-door neighbor, Bobby Fanguy, on June 23, 2005, alleging that Mr. Fanguy's mechanical sewer system was discharging a noxious effluent contaminated by elevated fecal coliform content. Mr. Bentley maintains that the contaminated effluent violates state health laws, threatens the health and safety of his family, denies him the free use and enjoyment of his property, and diminishes the value of the property. Mr. Bentley sought preliminary and permanent injunctions prohibiting further discharge of the contaminated effluent and damages which resulted therefrom.
On July 14, 2005, Mr. Fanguy answered the plaintiff's petition, generally denying all of its allegations and asserting that his sewer system met all applicable health regulations. He also reconvened seeking his own injunctions for the plaintiff's alleged violations of their subdivision's protective covenants and damages resulting therefrom. Specifically, Mr. Fanguy alleges those damages resulted from harassment, emotional distress and the loss of enjoyment of his home and property.
Subsequently, the case proceeded into the discovery phase with both parties filing numerous motions. At the hearing on a motion to compel, held April 11, 2007, the trial judge issued a scheduling order which, among other things, ordered that counsel obtain leave of court before attempting to add any additional party and that any amendment of petition be filed within forty-five days. After the forty-five day delay for amending the petitions had elapsed, the plaintiff presented his "First Supplemental and Amending Petition" along with an order allowing the filing of same to the duty judge (not the trial judge in this matter) in the Sixteenth Judicial District Court. Among other things, the amended petition sought to add Gary McGoffin, the defendant's attorney, as a defendant. The duty judge (apparently unaware of the time limit imposed by the trial judge) signed the order allowing the plaintiff to file the amended petition.
This prompted the defendant to file a motion for contempt and to strike the amended petition. A hearing on the motion to strike (and several other motions) was held on June 12, 2007. During that hearing, the trial judge struck the plaintiff's "First Supplemental and Amending Petition" finding that it had been untimely filed. He also found that there was no justification for adding Mr. McGoffin as a defendant.
Further, the trial court granted LDHH's motion for protective order and their motion to quash a 1442 deposition; the trial court also required Bentley to establish through the court future needs or requirements to address the issue of the deposition.
The trial court also, according to the June 12 minute entry, ordered that all future depositions must be arranged through the court and granted a preliminary injunction prohibiting Bentley from filing any other proceedings outside of the suit at issue and/or any separate lawsuit against the Fanguys. A written judgment setting forth the court's rulings was signed August 23, 2007.
On July 30, 2007, Bentley filed an exception of prescription as to six of Fanguy's reconventional claims. On August 17, 2007, the trial court held a hearing on the exceptions. After taking the matter under advisement, the trial court issued a written judgment on September 29, 2007, denying the exception as to three claims and sustaining the exception as to three claims. The three claims overruled include the following: "[t]he repair, restoration, and maintenance of automobiles in the carport[,]" "[p]iling trash and debris on the property line[,]" and "failing to remove the debris from pine trees that drop in his neighbor's yard."
Bentley filed another "First Supplemental and Amending Petition" on September 25, 2007, alleging similar allegations of fraud, vexatious proceedings, unjust enrichment, negligence, and strict liability. Additionally, Bentley again named Fanguy's counsel, Mr. Goffin, as a party defendant. The petition also named Fanguy's environmental experts and their employers as party defendants. At some point prior to this filing, the trial court had filed an amended scheduling order providing that amended pleadings must be filed no later than fifteen days from the completion of discovery, August 24, 2007. Therefore, the deadline for filing amended pleadings was then established as September 8, 2007. The trial court summarily denied Bentley's motion for leave to file the supplemental and amending petition on September 27, 2007. It should be noted that the plaintiff claims that the trial court signed a judgment on September 7, 2007, extending the discovery cutoff to October 17, 2007, and that by doing so automatically extended the deadline for filing amended proceedings. We find no judgment from September 7, 2007, in the record before us. However, for reasons which we will explain, it is of no consequence.
Following, the trial court's denial of Bentley's motion for leave to file the supplemental and amending petition on September 27, 2007, the defendant filed a motion for sanctions pursuant to La.Code Civ.P. art. 863 which states in pertinent part as follows:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
. . . .
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
The plaintiff also filed a motion for sanctions. Both motions were heard on October 15, 2007. The trial judge's reasons for judgment were issued from the bench on November 11, 2007, and on November 20, 2007, a written judgment was signed. The motion by the plaintiff, Mr. Bently, was dismissed, and the motion by the defendant, Mr. Fanguy, was granted, "based upon the Court's determination that the purpose of the second First Supplemental and Amended Petition filed by Richard Bentley was to harass and annoy." Mr. Bently was ordered to pay Mr. Fangy $4,883.03, and all costs. This appeal by Mr.Bentley followed.

LAW AND DISCUSSION
The first issue is whether the trial court abused its discretion in denying Bentley leave to file his supplemental and amending petition. Louisiana Code of Civil Procedure Article 1151 (emphasis ours) provides, in pertinent part, the following: "A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. . . . Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party." This court has held that "[t]he trial court has vast discretion in determining whether to refuse or allow amendments to the pleadings after an answer is filed and its determination will not be disturbed on appeal absent an abuse of that discretion." Prewitt v. Rodrigues, 04-1995, p. 7 (La.App. 3 Cir. 2/2/05), 893 So.2d 927, 932, quoting Adams v. Canal Indemnity Co., 99-1190 (La.App. 3 Cir. 5/10/00), 760 So.2d 1197, abrogated on other grounds by Alex v. Rayne Concrete Service, 04-1555 (La.App. 3 Cir. 5/4/05), 902 So.2d 563. In Prewitt, this court found that the lower court had not abused its discretion when the proposed amendment and original demand were virtually the same and where the proposed amendment raised no new issues. This court has also found that preventing a plaintiff from filing an amended petition close to the trial date and five years after the original petition was filed was not an abuse of the trial court's discretion. SeeBankston v. Alexandria Neurosurgical Clinic, 94-693 (La.App. 3 Cir. 12/7/94), 659 So.2d 507. Therefore, even if the amended petition was "timely," whether to allow the amendment was well within the discretion of the trial court.
In addition, this court has quoted the following comment by the late Judge Albert Tate, Jr. on amendments:

Wallace v. Hanover Insurance Company[, 164 So.2d 111 (La.App. 1 Cir. 1984)] contains the most complete jurisprudential discussion yet of the Louisiana amendment articles. The thrust of the opinion is that amendment should always be permitted in the absence of serious prejudice to the opponent. However, the court also "categorically" stated that "a trial judge abuses his discretion granted under Article 1151 when he allows an amendment which raises a new issue or defense at such a time as not to afford the other party adequate time to prepare his case to meet the new issue or defense." As the decision notes, at least up until the actual trial, such prejudice may usually be cured by a continuance. Of course, the closer to the trial date that an amendment is offered, the greater the need for a continuance; but, balanced against curing prejudice by such continuance, are other resultant prejudicial factors in the form of additional delay, legal expense and the disruption of orderly trial calendaring by the court. When amendment is offered tardily without justification for the delay, these factors may outweigh the merit-justice interests which favor permitting it. (Footnotes omitted).
Royer v. St. Paul Fire & Marine Ins. Co., 502 So.2d 232, 235-36 (La.App. 3 Cir. 1987), quoting Tate, Jr., J. Albert, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969).
In Bentley's motion for leave to file his supplemental and amending petition, filed on September 25, 2007, he sought to add claims against Jerry Landry; Gary Mcgoffin, Mr. Fanguy's counsel; Timothy Champagne; S.T.A.T. Waste Stream Services, Inc.; and Sherry Laboratories of Louisiana, LLC.
Bentley alleges almost identical claims in his September 25, 2007 amended petition to those in his June 1, 2007 amended petition, notwithstanding the addition of Mr. Fanguy's expert witnesses and their employers. No writs were taken from the June 12 ruling granting Mr. Fanguy's motion to strike Mr. Bentley's amended petition. In the June 12 ruling, according to the minute entry of that day, the trial court granted the motion to strike, finding that there was no justification to add Mr. Fanguy's counsel as a party defendant. Because the claims raised against Fanguy's counsel in the September 25, 2007, amended petition are substantially the same, we find no abuse of discretion in the trial court's ruling as it pertains to Mr.Fanguy's counsel.
As to the remainder of the second First Supplemental and Amended Petition, we find the petition raises no new issues which were not discoverable earlier in the suit. In Roberts v. Murphy Oil Corp., 577 So.2d 308, 313(La.App. 4 Cir.), writs denied, 580 So.2d 670, 673 (La.1991)(emphasis ours) the court stated:
The court may permit the plaintiff to file a supplemental petition on motion, upon reasonable notice and upon such terms as are just. LSA-C.C.P. art. 1155. A party seeking to supplement a pleading must proceed by contradictory motion served on the opposing party by the sheriff. The moving party may not proceed ex parte. Wallace v. Hanover Co. of New York, 164 So.2d 111, 119 (La.App. 1st Cir.1964) writ refused, 165 So.2d 486 (La.1964). The district court has broad discretion in ruling on such motions. Its decision to grant or deny the motion should not be disturbed absent an abuse of discretion. Royer v. St. Paul Fire & Marine Ins. Co., 502 So.2d 232 (La.App. 3rd 1987), writ denied, 503 So.2d 496 (La.1987).
We find no attempt, in the record before us, by the plaintiff to comply with La. Code Civ.P. art. 1155. Considering that the content of the amending petition and the extent of discovery which took place before September 2007, we cannot say that the trial judge was manifestly erroneous in his conclusion that the offered amendment was simply to harass and annoy the defendant. Likewise we find no abuse of discretion in the judgment awarded.
Accordingly, for the reasons stated, we affirm the judgment of the trial court. All costs of this appeal are assessed against the plaintiff, Richard Bentley.
AFFIRMED.